# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 5590 E. GARLAND AVENUE, FRESNO, FRESNO COUNTY, CALIFORNIA, APN: 4494-050-20, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>Defendant. | CASE NO. 1:11-cv-02052-LJO-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT COUNSEL**<br><br>(Docket No. 16) |

On May 14, 2011, Claimants Heather Stevens and Martin Stevens ("the Stevens") filed a motion requesting that the Court appoint counsel. (Doc. 16.) For the reasons set forth below, the motion is DENIED WITHOUT PREJUDICE.

On December 13, 2011, Plaintiff the United States of America filed a complaint for forfeiture in rem against real property located at 5590 E. Garland Avenue, Fresno, Fresno County, California ("Defendant Real Property"). (Doc. 1.) Claims to the Defendant Real Property have been filed by

Ryan Bagdasarian, Anthony Bagdasarian, Cameron Monteiro, and Devin Stewart, represented by counsel (the "represented Claimants") (Doc. 13), and by the Stevens, representing themselves *pro se* (Doc. 14). On May 11, 2012, the represented Claimants filed an answer to the complaint. (Doc. 15.) The Stevens have not filed an answer.

On May 14, 2012, the Stevens filed the instant motion for appointment of counsel. (Doc. 16.) The Stevens seek appointment of counsel pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA") under 18 U.S.C. § 983(b)(2)(A), which gives indigent claimants the right to court appointed counsel when their primary residence is to be seized.

Section 983(b)(2)(A) states:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

In order for the Court to appoint counsel, the Stevens must demonstrate that they are financially unable to afford counsel and that the Defendant Real Property is their primary residence. The Stevens have provided no information, declarations, or affidavits to make such a showing.

As such, IT IS HEREBY ORDERED that the Stevens' motion for appointment of counsel is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

**Dated:   May 21, 2012**               /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE