# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:11-cv-02052-LJO-SKO |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO APPOINT COUNSEL** |
| REAL PROPERTY LOCATED AT 5590 E. GARLAND AVENUE, FRESNO, FRESNO COUNTY, CALIFORNIA, APN: 4494-050-20, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | (Doc. No. 19) |
| Defendant. | |

## I.   INTRODUCTION

On May 25, 2012, Claimants Heather Stevens and Martin Stevens ("the Stevens") filed a second motion requesting that the Court appoint counsel. (Doc. 19.) For the reasons set forth below, the Court GRANTS the request for appointment of counsel.

## II.   FACTUAL BACKGROUND

On December 13, 2011, the United States of America ("Plaintiff") filed a complaint for forfeiture in rem against real property located at 5590 E. Garland Avenue, Fresno, Fresno County,

California ("Defendant Real Property"). (Doc. 1.) Claims to the Defendant Real Property have been filed by Ryan Bagdasarian, Anthony Bagdasarian, Cameron Monteiro, and Devin Stewart, as well as by the Stevens, representing themselves *pro se*. (Doc. 14.)

On May 14, 2012, the Stevens filed a motion for appointment of counsel pursuant to the Civil Asset Forfeiture Reform Act ("CAFRA"), codified at 18 U.S.C. § 983(b)(2)(A), which permits indigent claimants the right to court-appointed counsel when their primary residence is to be seized. (Doc. 16). The Stevens' motion was denied because they failed to demonstrate that they were unable to afford counsel and that the Defendant Real Property is their primary residence. (Doc. 17.) On May 25, 2012, the Stevens renewed their request for appointment of counsel. (Doc. 19.) It is the Stevens' renewed request that is currently pending before the Court.

### III.  DISCUSSION

Section 983(b)(2)(A) provides the following:

> If a person with standing to contest the forfeiture of property in a judicial civil forfeiture proceeding under a civil forfeiture statute is financially unable to obtain representation by counsel, and the property subject to forfeiture is real property that is being used by the person as a primary residence, the court, at the request of the person, shall insure that the person is represented by an attorney for the Legal Services Corporation with respect to the claim.

18 U.S.C. § 983(b)(2)(A). Thus, to be entitled to counsel, the Stevens must demonstrate that they have standing to contest the forfeiture of Defendant Real Property, they are financially unable to obtain representation by counsel, and they use Defendant Real Property as their primary residence.

Here, the Stevens' request for the appointment of counsel was signed under penalty of perjury and indicates that Defendant Real Property is the Stevens' primary residence. (Doc. 19, p. 1.) The Stevens have included a copy of a recent utility bill as further evidence that they reside at 5590 E. Garland Avenue, Fresno, California. (Doc. 19, p. 3.) The Stevens also indicate they are financially unable to obtain representation by counsel as they are currently receiving public assistance. The Court finds that the Stevens have established they use Defendant Real Property as their primary residence and they are financially unable to obtain representation by counsel.

As it relates to the standing requirement, "to demonstrate Article III standing in a civil forfeiture action, a claimant must have 'a sufficient interest in the property to create a case or

controversy.'" *U.S. v. Real Property Located at 475 Martin Lane, Beverly Hills, Cal.*, 545 F.3d 1134, 1140 (9th Cir. 2008) (quoting *United States v. 5208 Los Franciscos Way*, 385 F.3d 1187, 1191 (9th Cir. 2004)). This burden, however, is not a heavy one at the initial stages of a forfeiture suit. *5208 Los Franciscos Way*, 385 F.3d at 1191. The claimant need only demonstrate a colorable interest in the property by showing, for example, actual possession, control, title, or a financial stake in the property. *Id.*

Here, the Stevens filed a claim to Defendant Real Property asserting an ownership interest and signed the claim under penalty of perjury. (Doc. 14.) The Stevens also filed an answer to the complaint indicating that in July 2011, they entered into an agreement to purchase Defendant Real Property. According to the Stevens, Defendant Real Property was dilapidated, and instead of tendering a down payment, the Stevens agreed to perform the labor to make the house livable. In October 2011, the Stevens allege "the paperwork was started with American Title to transfer ownership to [their] names . . . but not all the paperwork was completed at that time." (Doc. 18, p. 1-2.)

Counsel for the United States indicated at the June 12, 2012, scheduling conference that the United States does not oppose the Stevens' motion for counsel, but it would likely challenge the Stevens' standing at a later stage of the proceedings, e.g., in a motion for summary judgment. Nevertheless, for purposes of a motion to appoint counsel at the initial stages of the case, the showing the Stevens has made as to standing is sufficient.[1] They have filed a claim to Defendant Real Property (Doc. 14) and an answer to the complaint (Doc. 18). Further, they have alleged a colorable ownership interest, and they are in actual possession of Defendant Real Property. (*See* Doc. 18.) As such, the Court concludes that appointment of counsel is warranted.

---

[1] The standing alleged at the initial stages of the proceeding does not preclude the United States from challenging the Stevens' standing at a later stage of the proceedings, where the claimants' burden will be heavier. *See United States v. $133,420.00 in U.S Currency*, 672 F.3d 629, 638 (9th Cir. 2012) ("The elements of standing 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.'" (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992))). At the summary judgment stage, for example, the Stevens will be required to present evidence of ownership beyond their assertions, which is not required of them earlier in the proceedings. *Id.*

## IV.    CONCLUSION AND ORDER

For the reasons stated above, IT IS HEREBY ORDERED that:

1. The Stevens' motion for appointment of counsel is GRANTED; and
2. The Court will contact the Legal Services Corporation and issue a further order appointing particular counsel.

IT IS SO ORDERED.

**Dated:   June 29, 2012**                         /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE